Meredith Cavallaro
Samantha L. Frenchman
PADUANO & WEINTRAUB LLP
1251 Avenue of the Americas, 9th Floor
New York, New York 10020
Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MING ZENG,

                                         :

               Plaintiff,

                                         :  No. 1:23-cv-10348-JGLC

         v.

                                         :

ELLENOFF GROSSMAN & SCHOLE LLP
and DOUGLAS S. ELLENOFF,             :

                 Defendants.    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM OF LAW IN OPPOSITION TO
## PLAINTIFF'S MOTION TO REMAND

 

                                        PADUANO & WEINTRAUB LLP
                                        1251 Avenue of the Americas
                                        Ninth Floor
                                        New York, New York 10020
                                        (212) 785-9100
                                        Attorneys for Defendants

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................ ii

PRELIMINARY STATEMENT ................................................................................... 1

RELEVANT FACTS ................................................................................................... 1

ARGUMENT ............................................................................................................... 3

    I.      PLAINTIFF'S MOTION MUST BE DENIED AS THE COURT HAS
           SUBJECT MATTER JURISDICTION OVER THIS ACTION ................................... 3

           A.  This Court Has Subject Matter Jurisdiction Pursuant to the
               New York Convention ................................................................................ 3

           B.  Plaintiff Cannot Obtain a Remand by Arguing Against Defendants'
               Motion to Compel Arbitration ................................................................... 8

CONCLUSION .......................................................................................................... 10

## <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>                                                                 Page(s)

<u>AT&T Mobility LLC v. Concepcion</u>,
563 U.S. 333 (2011).............................................................................7n

<u>Ayala v. Teledyne Defense Electronics</u>,
533 F. Supp. 3d 920 (C.D. Cal. 2021) ..................................................... 6-7

<u>Banco de Santander Cent. Hispano, S.A. v. Consalvi Int'l, Inc.</u>,
425 F. Supp. 2d 421 (S.D.N.Y. 2006).........................................................9

<u>Beiser v. Weyler</u>,
284 F.3d 665 (5th Cir. 2022) .............................................................4n, 9

<u>Circuit City Stores v. Adams</u>,
532 U.S. 105 (2001)................................................................................5

<u>Citibank, N.A. v. De Nevares</u>,
No. 21 Civ. 6125 (VM), 2022 U.S. Dist. LEXIS 26136 (S.D.N.Y. Feb. 13, 2022) .......................5

<u>Hyegate, LLC v. Boghossian</u>,
No. 21-cv-1450 (JGK), 2021 U.S. Dist. LEXIS 126421 (S.D.N.Y. July 6, 2021)..........................5

<u>Jiakeshu Tech. Ltd. v. Amazon.com Servs., LLC</u>,
No. 22-cv-10119 (RA), 2023 U.S. Dist. LEXIS 107548 (S.D.N.Y. June 21, 2023) ......................5

<u>Longyan Junkai Info. Tech. Co. v. Amazon.com Servs. LLC</u>,
No. 23-cv-4869 (JGK), 2023 U.S. Dist. LEXIS 220903 (S.D.N.Y. Dec. 13, 2023) ........... 1, 5-6, 7

<u>Perry v. Thomas</u>,
482 U.S. 483 (1987)................................................................................7n

<u>Pike v. Freeman</u>,
266 F.3d 78 (2d Cir. 2001)................................................................4, 6, 8

<u>Pineda v. Sun Valley Packing, L.P.</u>,
No. 1:21-cv-01265-DAD-EPG, 2021 U.S. Dist. LEXIS 232437 (E.D. Cal. Dec. 3, 2021) ........6, 8

<u>Preston v. Ferrer</u>,
552 U.S. 346 (2008)................................................................................7n

<u>SAS Inst., Inc. v. Iancu</u>,
138 S. Ct. 1348 (2018)..............................................................................7

<u>Scandinavian Reinsurance Co. v. St. Paul Fire & Marine Ins. Co.</u>,
668 F.3d 60 (2d Cir. 2012)........................................................................................4, 6, 8

<u>Shenzhen Zongheng Domain Network Co., LTD v. Amazon.Com Servs. LLC</u>,
No. 23-cv-03334 (JLR), 2023 U.S. Dist. LEXIS 1337307 (S.D.N.Y. Aug. 4, 2023) ....................4

<u>Smith/Enron Cogeneration Ltd. P'ship, Inc. v. Smith Cogeneration Int'l, Inc.</u>,
198 F.3d 88 (2d Cir. 1999)........................................................................................4

<u>Viking River Cruises, Inc. v. Moriana</u>,
142 S. Ct. 1906 (2022)..............................................................................................7n

<u>Statutes</u>

9 U.S.C. § 202..........................................................................................................6, 7, 7n

9 U.S.C. § 203..........................................................................................................4, 6

28 U.S.C. § 1332......................................................................................................4

28 U.S.C. § 1447(c)..................................................................................................3

Defendants Ellenoff Grossman & Schole LLP ("EGS") and Douglas S. Ellenoff ("Mr. Ellenoff") (together, "Defendants") submit this memorandum of law in opposition to plaintiff Ming Zeng's ("Plaintiff") motion to remand this case to state court pursuant to 28 U.S.C. § 1447(c) (the "Motion").

## PRELIMINARY STATEMENT

Plaintiff, a foreign citizen, claims this Court does not have subject matter jurisdiction over this matter because it is "entirely domestic," and thus the New York Convention (as defined below) does not apply.  This contention defies the Second Circuit, which has consistently held that if one party is a foreign citizen, the arbitration agreement is not entirely domestic in scope, and therefore the dispute falls under the New York Convention.  In fact, as recently as this month, this Court confirmed that the "Court of Appeals for the Second Circuit has made clear that the New York Convention applies when one or more parties is a foreign citizen" and that "[n]o further basis to establish federal jurisdiction is required." Longyan Junkai Info. Tech. Co. v. Amazon.com Servs. LLC, No. 23-cv-4869 (JGK), 2023 U.S. Dist. LEXIS 220903, at *8 (S.D.N.Y. Dec. 13, 2023) (hereinafter, Longyan).  Here, Plaintiff is a foreign citizen.  Therefore, this dispute falls under the New York Convention, which confers subject matter jurisdiction pursuant to 9 U.S.C. § 203.  Since this Court does not lack subject matter jurisdiction, Plaintiff's motion to remand must be denied.

## RELEVANT FACTS

EGS is a multi-practice law firm with locations in New York and California.  See accompanying Affidavit of Amanda M. Fugazy[1] ("Fugazy Aff."), ¶ 3.  Defendant Douglas S.

---

[1] The Affidavit of Amanda M. Fugazy, dated December 15, 2023, was also filed in support of Defendants' motion to compel arbitration (ECF No. 18).

Ellenoff is a Partner and Co-Founder of EGS. Id., ¶ 4.

On September 1, 2021, Plaintiff commenced her employment with EGS. Id., ¶ 5; Complaint, ¶ 5. During her employment, Plaintiff held the position of Associate Attorney in EGS's Corporate/Securities Practice Group. Fugazy Aff., ¶ 6.

Plaintiff is a citizen of China. Id., ¶ 7. During her employment with EGS, Plaintiff was authorized to work in the United States. Id., ¶ 8. On August 5, 2022, EGS terminated Plaintiff's employment due to the expiration of Plaintiff's authorization to work in the United States. Id., ¶ 9. On or about September 15, 2022, Plaintiff became re-authorized to work in the United States, and EGS re-hired Plaintiff. Id., ¶ 10.

In connection with Plaintiff's re-employment, Plaintiff executed a Mutual Arbitration Agreement with EGS and EGS's professional employer organization, Insperity PEO Services, L.P, on September 15, 2022 (the "Arbitration Agreement"). See Fugazy Aff., Exhibit A. Through the Arbitration Agreement, Plaintiff agreed to "resolve by arbitration" the "Covered Claims" (as defined therein), including "all claims or disputes related to or arising out of… [Plaintiff's] employment, or the termination of [Plaintiff's] employment" with EGS and all claims against all "Covered Persons," including EGS and its officers, directors, employees, affiliates or agents like Mr. Ellenoff. Id., at § 1. In addition to the Arbitration Agreement, Plaintiff was subject to, and expressly acknowledged receipt of,[2] EGS's Arbitration Program Policy ("Arbitration Policy" and, together with the Arbitration Agreement, the "Arbitration Agreements"), which requires that "all disputes, of whatever nature, concerning…employment with or termination

---

[2] In her Motion, Plaintiff calls into question whether she did in fact acknowledge receipt of EGS's Arbitration Policy. However, she admits that she acknowledged the "Ellenoff Grossman & Schole LLP Employee Handbook," which includes EGS's Arbitration Policy, as is evident by the footer of the first page of the Arbitration Policy. See Motion at 4-5; Fugazy Aff., Exhibit B; Declaration of Brian Heller (ECF No. 14), Exhibit B.

from" EGS "shall be resolved by final and binding arbitration…"  Fugazy Aff., <u>Exhibit B</u>.

On April 27, 2023, Plaintiff's employment with EGS ended.  Complaint, ¶ 24.

In contravention of the Arbitration Agreements, on October 24, 2023, Plaintiff filed a Complaint in the Supreme Court of the State of New York, New York County under the caption <u>Zeng v. Ellenoff Grossman & Schole LLP, et al.</u>, Index No. 160393/2023 (the "State Court Action").  <u>See</u> ECF Doc. 10-2.  On October 26, 2023, Plaintiff served Defendants with the Complaint.  <u>See</u> ECF Doc. 10-3. On November 27, 2023, Defendants removed the State Court Action to the United States District Court for the Southern District of New York, pursuant to 9 U.S.C. § 205.  <u>See</u> ECF Doc. 10.  On December 15, 2023, Defendants filed a motion to compel arbitration of Plaintiff's retaliation claim against EGS and aiding and abetting retaliation claim against Mr. Ellenoff in accordance with the terms of the Arbitration Agreements. <u>See</u> ECF Doc. 16-18.

By the instant Motion, Plaintiff seeks to remand this action back to state court for lack of subject matter jurisdiction, pursuant to 28 U.S.C. § 1447(c).  For the reasons set forth below, the New York Convention applies to the Arbitration Agreements, and therefore subject matter jurisdiction exists pursuant to 9 U.S.C. § 203.

### **ARGUMENT**

**I.**   **<u>PLAINTIFF'S MOTION MUST BE DENIED AS THE COURT HAS SUBJECT MATTER JURISDICTION OVER THIS ACTION</u>**

**A.**   **This Court Has Subject Matter Jurisdiction Pursuant to the New York Convention**

A motion to remand on the basis of lack of subject matter jurisdiction must be denied where the non-moving party can establish federal subject matter jurisdiction.  28 U.S.C. § 1447(c).  Here, this Court has subject matter jurisdiction under Chapter 2 of the Federal Arbitration

Act ("FAA"), titled the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (also known as the "New York Convention").  Thus, on that basis alone, Plaintiff's motion to remand must be denied. Additionally, the Court has diversity jurisdiction because Plaintiff is a citizen of China and Defendants are citizens of New York.[3] See 28 U.S.C. § 1332.

The New York Convention provides that actions to enforce arbitration agreements "falling under the [New York] Convention shall be deemed to arise under the laws and treatises of the United States" for purposes of federal subject matter jurisdiction.  9 U.S.C. § 203.  The Second Circuit has established a four-pronged test to determine whether the New York Convention applies: (1) there must be a written arbitration agreement; (2) the agreement must provide for arbitration in the territory of a signatory to the New York Convention; (3) the subject matter must be commercial; and (4) the agreement cannot be entirely domestic in scope.  Shenzhen Zongheng Domain Network Co., LTD v. Amazon.Com Servs. LLC, No. 23-cv-03334 (JLR), 2023 U.S. Dist. LEXIS 1337307 (S.D.N.Y. Aug. 4, 2023) (citing Smith/Enron Cogeneration Ltd. P'ship, Inc. v. Smith Cogeneration Int'l, Inc., 198 F.3d 88, 92 (2d Cir. 1999)).  Courts in the Second Circuit have consistently held that if one party is a foreign citizen, the arbitration agreement is not entirely domestic in scope, and therefore the dispute falls under the New York Convention.  See Scandinavian Reinsurance Co. v. St. Paul Fire & Marine Ins. Co., 668 F.3d 60, 71 (2d Cir. 2012) (applying the New York Convention because the petitioner is a foreign corporation); Pike v. Freeman, 266 F.3d 78, 85 n.4 (2d Cir. 2001) (concluding that the District Court correctly decided not to remand the proceeding to state court because the New York Convention applied, since three

---

[3] Regardless of the outcome of Defendants' motion to compel arbitration, this Court will continue to have diversity jurisdiction over this action and may proceed to adjudicate any non-arbitrable claims. Cf. Beiser v. Weyler, 284 F.3d 665, 675 (5th Cir. 2022) (providing that following removal under the New York Convention and a decision on a motion to compel arbitration, a district court ordinarily remands only if "no other grounds for federal jurisdiction exist.").

4

parties were citizens of the Cayman Islands); Jiakeshu Tech. Ltd. v. Amazon.com Servs., LLC, No. 22-cv-10119 (RA), 2023 U.S. Dist. LEXIS 107548, at *3 (S.D.N.Y. June 21, 2023) (holding that the New York Convention applies because the matter is not entirely domestic in scope, since one of the parties is a foreign citizen).

        This action meets the Second Circuit's criteria, including the requirement that the matter be not entirely domestic in scope, because Plaintiff is a foreign citizen.  In addition, Plaintiff executed a written agreement to arbitrate that provides for arbitration in a territory that is a signatory to the New York Convention, and the subject matter of this action is commercial.  See Hyegate, LLC v. Boghossian, No. 21-cv-1450 (JGK), 2021 U.S. Dist. LEXIS 126421, at * 6,  n. 2 (S.D.N.Y. July 6, 2021) (holding that the matter falls under the New York Convention and refuting respondent's argument that the underlying dispute is not "commercial" because it is an employment dispute); Citibank, N.A. v. De Nevares, No. 21 Civ. 6125 (VM), 2022 U.S. Dist. LEXIS 26136, at *17 (S.D.N.Y. Feb. 13, 2022) ("Arbitration agreements arising out of employment contracts are one such 'legal relationship' subject to 9 U.S.C. Section 202.") (reversed on unrelated grounds); see also Circuit City Stores v. Adams, 532 U.S. 105 (2001) (holding that employment contracts are not excluded from the New York Convention).

        Despite citing a series of cases in the Second Circuit that hold the New York Convention applies where one of the parties is a foreign citizen, Plaintiff claims in her Motion to be "unable to locate many cases that address the unique issue of whether the Plaintiff's nationality alone can be the basis for applying the [New York] Convention."  Motion at 7.  However, as recently as this month, this Court ruled in Longyan that the "Court of Appeals for the Second Circuit has made clear that the New York Convention applies when one or more parties is a foreign citizen."  2023 U.S. Dist. LEXIS 220903, at *8.  In that case, the petitioner, in attempting to remand

the case and vacate an arbitration award, argued that the New York Convention did not apply because the parties conducted their business, and entered into the arbitration agreement at issue, in the United States, and the underlying arbitration occurred in the United States, was overseen by a United States arbitral forum, and was decided under United States law. Id. Nevertheless, this Court held that, because petitioner was a Chinese corporation, "this Court has federal subject matter jurisdiction under the New York Convention because the award does not arise out of a relationship 'entirely between citizens of the United States.'" Id. (citing 9 U.S.C. § 202). This Court made clear that "*[n]o further basis to establish federal jurisdiction is required*." Id. (emphasis added).

The same is true here. Plaintiff's foreign citizenship is undisputed. Thus, the Arbitration Agreements do not arise out of a relationship entirely between two citizens of the United States, and this Court has federal subject matter jurisdiction over this case under the New York Convention. See 9 U.S.C. § 203. Accordingly, Plaintiff's Motion must be denied.

In support of her Motion, Plaintiff cites California district court cases that are irreconcilable with the Second Circuit's clear statement that subject matter jurisdiction exists under 9 U.S.C. § 202 when one party is not a citizen of the United States. See Motion at 8-9 (citing Ayala v. Teledyne Defense Electronics, 533 F. Supp. 3d 920, 926-927 (C.D. Cal. 2021) and Pineda v. Sun Valley Packing, L.P., No. 1:21-cv-01265-DAD-EPG, 2021 U.S. Dist. LEXIS 232437, at *8 (E.D. Cal. Dec. 3, 2021).

In Ayala, the court rejected the argument that "the mere presence of a foreign party is enough for an agreement to fall under the Convention" and that "the text of the statute does not offer such a suggestion." 533 F. Supp. 3d at 926-927. The Second Circuit's precedent directly contradicts the first statement. See Scandinavian Reinsurance Co., 668 F.3d at 71; Pike, 266 F.3d

6

at 85, n.4. As noted above, "this Court has federal subject matter jurisdiction under the New York Convention because the award does not arise out of a relationship 'entirely between citizens of the United States.'" Longyan, 2023 U.S. Dist. LEXIS 220903, at *8 (citing 9 U.S.C. § 202). This Court made clear that "*[n]o further basis to establish federal jurisdiction is required*." Id. (emphasis added). The Ayala court's second statement, that the "the text of the statute does not offer such a suggestion," is refuted by 9 U.S.C. § 202 itself.[4] Finally, the Ayala court rests its decision on a purported public policy against applying the New York Convention to foreign citizens who are employed in the United States. Ayala, 533 F. Supp. 3d at 928. No such public policy exists. The Ayala court's assertion is simply another manifestation of California courts' decades-long crusade to thwart arbitration of employment claims in barely-concealed defiance of the FAA and the United States Supreme Court.[5] In the Second Circuit, courts are required to follow the law and not substitute their policy preferences for those of Congress. See SAS Inst., Inc. v. Iancu, 138 S. Ct. 1348 (2018) ("Policy considerations cannot create an ambiguity in a statute when the words on the page are clear.").

---

[4] The statute says, "An agreement or award arising out of such a relationship which is entirely between citizens of the United States shall be deemed not to fall under the Convention unless that relationship involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states." 9 U.S.C. § 202.

[5] See, e.g., Viking River Cruises, Inc. v. Moriana, 142 S. Ct. 1906 (2022) (rejecting California's treatment of arbitration under California law); AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 352 (2011) (holding that the FAA preempted a California rule that contract provisions disallowing class wide arbitration are unconscionable); Preston v. Ferrer, 552 U.S. 346, 349-350 (2008) (holding that the FAA preempted a California law giving a state agency primary jurisdiction over a dispute involving the California Talent Agency Act despite the parties' agreement to arbitrate such disputes); Perry v. Thomas, 482 U.S. 483, 484 (1987) (holding that the FAA preempted a state statute permitting litigation of wage collection actions despite the existence of a private agreement to arbitrate).

Similarly, in Pineda, the California district court agreed with the plaintiff in rejecting the applicability of the New York Convention to arbitration agreements between a foreign citizen and a California-based company "when viewed in light of the Ninth Circuit's explanation as to the scope of the New York Convention and its interpretation of what falls 'under the Convention.'" 2021 U.S. Dist. LEXIS 232437, at *9.  Indeed, the Pineda court expressly hinged its decision on the Ninth Circuit's interpretation of the New York Convention and rejected the defendants' reliance upon cases decided outside the Ninth Circuit, including in the Second Circuit, in support of the interpretation that the New York Convention applies to arbitration agreements where one or more parties is a foreign citizen. Id. at *14-15.  Pineda merely illustrates the distance between the California courts' idiosyncratic views and those of other jurisdictions, including this one, on this issue.  For that reason, Pineda is inapposite.

As stated above, the Second Circuit is clear on the sole issue concerning this Motion: if one party is a foreign citizen, the arbitration agreement is not entirely domestic in scope, and therefore the dispute falls under the New York Convention.  See Scandinavian Reinsurance Co., 668 F.3d at 71 (applying the New York Convention because the petitioner is a foreign corporation); Pike, 266 F.3d at 85, n.4 (concluding that the District Court correctly decided not to remand the proceeding to state court because the New York Convention applied, since three parties were citizens of the Cayman Islands).  Plaintiff's undisputed foreign citizenship renders the Arbitration Agreements subject to the New York Convention.  Thus, federal subject matter jurisdiction exists, and Plaintiff's Motion must be denied.

**B.   Plaintiff Cannot Obtain a Remand by Arguing Against Defendants' Motion to Compel Arbitration**

Plaintiff attempts to divert the Court's attention away from the issue of federal subject matter jurisdiction – the sole issue relevant to her remand Motion – by claiming that the

8

Arbitration Agreements are unenforceable under the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021. This is inaccurate, and regardless, it is the subject of the pending motion to compel arbitration filed by Defendants on December 15, 2023.

Plaintiff cannot succeed on the instant remand Motion by arguing that the motion to compel arbitration is meritless.  Whether jurisdiction exists is an entirely different inquiry from whether the motion to compel should be granted.  See Beiser, 284 F.3d at 670-672 ("whether a federal court has jurisdiction to decide an issue is a distinct question from how to decide that issue correctly"). In Beiser, the court discussed the importance of "keep[ing] the jurisdictional and merits inquiries separate" when deciding a motion to remand for lack of subject matter jurisdiction under the New York Convention.  284 F.3d at 671.  The court stated:

> The problems with conflating jurisdiction and the merits into a single step go beyond conceptual infelicity: conflating jurisdiction and the merits also could have consequences that are both irrational and inconsistent with our precedents. Most importantly, conflating jurisdiction and the merits would deprive defendants of an opportunity to appeal in a significant class of cases in which the district court concludes that the arbitration clause under the [New York] Convention does not in fact provide a defense.

Id. at 672; See also Banco de Santander Cent. Hispano, S.A. v. Consalvi Int'l, Inc., 425 F. Supp. 2d 421, 428-431 (S.D.N.Y. 2006) (citing this proposition in Beiser in support of the court's denial of a motion to remand, finding that the New York Convention has "broad removal jurisdiction" where a foreign party is involved).

Therefore, Plaintiff's non-jurisdictional arguments have no merit or relevance to the instant motion and must be disregarded.  Defendants have sufficiently shown that federal subject matter jurisdiction exists under the New York Convention, and thus Plaintiff's Motion to remand must be denied.

## <u>CONCLUSION</u>

For the reasons set forth above, Plaintiff's Motion to remand this action to state court must be denied.

Dated:   New York, New York
         December 27, 2023

PADUANO & WEINTRAUB LLP

By: <u>/s/ Meredith Cavallaro</u>
     Meredith Cavallaro
     Samantha L. Frenchman
1251 Avenue of the Americas
Ninth Floor
New York, New York 10020
(212) 785-9100
mc@pwlawyers.com
slf@pwlawyers.com

Attorneys for Defendants

10