UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X

MING ZENG,                                                **1:23-cv-10348-JGLC**

                              *Plaintiff,*

                                                          **ORAL ARGUMENT**
          -against-                                       **REQUESTED**

ELLENOFF GROSSMAN & SCHOLE LLP and
DOUGLAS S. ELLENOFF,

                              *Defendants.*
--------------------------------------------------------------------X

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION

**SCHWARTZ PERRY & HELLER, LLP**
***Attorneys for Plaintiff***
**3 Park Avenue, Suite 2700**
**New York, NY 10016**
**(212) 889-6565**

## TABLE OF CONTENTS

**SUBJECT**                                                        **PAGE**

TABLE OF AUTHORITIES                                                 ii

PRELIMINARY STATEMENT                                               1

STATEMENT OF FACTS                                                 1

ARGUMENT

   POINT I     THE COURT LACKS SUBJECT MATTER
               JURISDICTION OVER THIS CASE                      5

   POINT II    THE EFFA RENDERS ANY ARBITRATION
               AGREEMENT UNENFORCEABLE AGAINST
               ZENG'S CAUSES OF ACTION                           8

   POINT III   THE UNSIGNED ARBITRATION PROGRAM ON
               EGS' LETTERHEAD IS UNENFORCEABLE                 10

CONCLUSION                                                          11

## <u>TABLE OF AUTHORITIES</u>

<u>CASE</u>                                                                                      <u>PAGE</u>

<u>Ayala v. Teledyne Defense Electronics</u>,
     533 F. Supp. 3d 920 (C.D. Cal. 2021)                          7

<u>Cargill Intl. S.A. v. M/T Pavel Dybenko</u>,
     991 F.2d 1012 (2d Cir. 1993)                                  5

<u>Citibank, N.A. v. De Nevares</u>,
     2022 U.S. Dist. LEXIS 26136 (S.D.N.Y. Feb. 13, 2022)         7

<u>Delo v. Paul Taylor Dance Found., Inc.</u>,
     2023 U.S. Dist. LEXIS 133712 (S.D.N.Y. Aug. 1, 2023)        9

<u>Hyegate, LLC v. Boghossian</u>,
     2021 U.S. Dist. LEXIS 126421 (S.D.N.Y. July 6, 2021)        7

<u>Jiakeshu Tech. Ltd. v. Amazon.com Servs., LLC</u>,
     2023 U.S. Dist. LEXIS 107548 (S.D.N.Y. June 21, 2023)       7

<u>Johnson v. Everyrealm, Inc.</u>,
     2023 U.S. Dist. LEXIS 31242 (S.D.N.Y. 2023)               1, 8-9

<u>KPMG LLP v. Cocchi</u>,
     565 U.S. 18 (2011)                                         9-10

<u>Longyan Junkai Info. Tech. Co. v. Amazon.com Servs. LLC</u>,
     2023 U.S. Dist. LEXIS 220903 (S.D.N.Y. Dec. 12, 2023)       6-7

<u>Matter of Schreiber v. K-Sea Transp. Corp.</u>,
     9 N.Y.3d 331 (2007)                                         10

<u>Pike v. Freeman</u>,
     266 F.3d 78 (2d Cir. 2001)                                  6

<u>Pineda v. Sun Valley Packing, L.P.</u>,
     2021 U.S. Dist. LEXIS 232437 (E.D. Cal. Dec. 3, 2021)       7-9

<u>Scandinavian Reinsurance Co. v. St. Paul Fire & Marine Ins. Co.</u>,
     668 F.3d 60 (2d Cir. 2012)                                  6

<u>Shenzhen Zongheng Domain Network Co., Ltd.</u>
<u>v. Amazon.com Servs. LLC</u>,
     2023 U.S. Dist. LEXIS 137307 (S.D.N.Y. Aug. 4, 2023)        7

Smith/Enron Cogeneration Ltd. Partnership
v. Smith Cogeneration Intl., Inc.,
    198 F.3d 88 (2d Cir. 1999)          5-6

Vidal v. Advanced Care Staffing, LLC,
    2023 U.S. Dist. LEXIS 59411 (E.D.N.Y. Apr. 4, 2023)    10

Yost v. Everyrealm, Inc.,
    2023 U.S. Dist. LEXIS 31246 (S.D.N.Y. Feb. 24, 2023)    9

Yusuf Ahmed Alghanim & Sons, W.L.L. v. Toys "R" Us, Inc.,
    126 F.3d 15 (2d Cir. 1997)    5

**STATUTES**          **PAGE**

9 U.S.C. §4    4

9 U.S.C. §202    5

9 U.S.C. §203    1, 4

9 U.S.C. §205    1, 4, 5

9 U.S.C. §206    4

9 U.S.C. §402    1, 8-9

28 U.S.C. §1447(c)    4

## PRELIMINARY STATEMENT

Plaintiff Ming Zeng ("Zeng") submits this Memorandum of Law in opposition to Defendants Ellenoff Grossman & Schole LLP ("EGS") and Douglas S. Ellenoff's ("Ellenoff") motion to compel arbitration.

Defendants' motion must be denied for two reasons. First, the Court lacks subject matter jurisdiction over this case. Specifically, Defendants' removal pursuant to 9 U.S.C. §203 and §205, which codifies the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("the Convention"), does not apply, since there is nothing "international" about this case.

Second, even if subject matter jurisdiction existed, which it does not, the arbitration agreement at issue unenforceable pursuant to the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021, 9 U.S.C. §402 ("the EFFA"). That law precludes mandatory arbitration of both the sexual harassment claim and the related retaliation claim, as the Southern District recognized in Johnson v. Everyrealm, Inc., 2023 U.S. Dist. LEXIS 31242, at *21 (S.D.N.Y. 2023).

Remarkably, Defendants simply ignore both of these dispositive facts, which is a tacit admission that there is no basis for the relief they seek. Zeng respectfully requests that the Court (1) deny Defendants' motion to compel arbitration and (2) grant Zeng's motion to remand this case to state court, or alternatively, should the Court find that subject matter exists, permit the entirety of this case to proceed before this Court.

## STATEMENT OF FACTS

On September 1, 2021, shortly after graduating from George Washington Law School in 2021, Plaintiff Ming Zeng ("Zeng") began working at EGS as an associate attorney in the Capital Markets Group (Ex. A, Verified Complaint ¶¶5-6). EGS is a mid-sized law firm with headquarters

in New York City, where Zeng lived and worked. (¶4).

Zeng was sexually harassed by Shang Jiang ("Jiang"), a more senior attorney to whom she reported and who had joined EGS in approximately May 2018. (¶6).

Jiang injected sex into her conversations with Zeng and created a sexually-charged environment for Zeng, including inferring that Zeng should enter into a romantic relationship with her, which included, when discussing work visas, proposing to Zeng, "Marry me," rather than other methods of obtaining work authorization. (¶12).

Zeng had done nothing to warrant Jiang's interest in her. (¶17).

On March 2, 2023, Jiang's advances became even more blatant, as she told Zeng that the reason Zeng had a cat was because she was "lonely and horny" and said that Zeng was "spending too much money on the cat" and "should go get a relationship." (¶13). Jiang made it clear that she wanted Zeng to enter into a relationship with her, saying, "Don't keep the cat, keep me instead," which was a clear reference to Jiang living with Zeng in a romantic relationship. (¶14). Jiang bolstered her proposal by telling Zeng, "Your cat still needs you to buy pet insurance for her. I don't even need you to buy insurance for me because EGS is paying for my insurance." (¶15).

Despite Zeng's trepidations about reporting Jiang's sexual advances, as she was a more senior Associate than Zeng and well liked at the firm, Zeng made a complaint of sexual harassment to Genesis Cevallos ("Cevallos") of EGS' Human Resources on March 8, 2023. (¶¶18-19). Zeng was advised that an investigation would be conducted by Mitchell Borger, an attorney at EGS. (¶20).

On March 29, 2023, while the investigation was purportedly still going on, EGS sent a firm-wide email announcing that Jiang had been named a "Top Woman Rising Star" in the annual Super Lawyers' New York Metro Top Woman 2022 list. (¶21).

On April 11, 2023, Zeng received a closing memo from Cevallos, stating that "appropriate follow up communications have occurred with Jiang" and that "Jiang has made clear that she is embarrassed and apologetic for causing you discomfort," while recognizing that "this was a stressful situation for [Zeng] and we appreciate your cooperation." (¶22). Jiang did not suffer any consequences for her sexual harassment of Zeng, as Jiang continued to work at EGS without incident, and was even touted for being named a "Rising Star." (¶12).

Zeng was terminated just over two weeks later, on April 27, 2023, by Defendant Douglas S. Ellenoff. (¶¶24-25). The reason Ellenoff gave for Zeng's termination was "poor performance," which flew in the face of all the positive feedback Zeng had received throughout her employment. (¶¶26). Ellenoff was unable to provide any examples of Zeng's poor performance and instead claimed it was Zeng's "aggressiveness" for seeking specific examples of her poor performance and made the ridiculous claim that the fact Zeng does not know why her performance was poor already proves why she was a poor performer. (¶27).

When Zeng continued to ask why she was being terminated for performance without any warning whatsoever, Ellenoff refused to further engage with Zeng, stating that "the decision has already been made" and, "This is a private practice, we can do whatever we want." (¶¶28-30). Ellenoff asked Zeng to leave immediately and threatened that he would call security if she caused a disturbance, an accusation that was completely unwarranted. (¶31). The real reason that Zeng was terminated was because she protested sexual harassment at EGS. (¶34).

Zeng filed a lawsuit against EGS and Ellenoff on October 24, 2023 in the Supreme Court of the State of New York, New York County, asserting claims of gender discrimination (sexual harassment) and retaliation against Defendants, and, in the alternative, against Ellenoff for aiding and abetting discrimination and retaliation. Zeng's claims were brought solely under the New York

3

City Human Rights Law. Service was effectuated on October 26, 2023.

On November 27, 2023, EGS removed this matter to the Southern District of New York, asserting that this Court has subject matter jurisdiction pursuant to 9 U.S.C. §203 and §205. Specifically, EGS asserts that the existence of an arbitration agreement between EGS and Zeng falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("the Convention").

On December 13, 2023, Plaintiff made a motion to remand this matter to State Court for lack of subject matter jurisdiction, pursuant to 28 U.S.C. §1447(c).

On December 15, 2023, before the issue of jurisdiction had been resolved, Defendants made a motion to compel arbitration pursuant to 9 U.S.C. §4[1] and 9 U.S.C. §206.

EGS attached two arbitration agreements to its notice of removal, only one of which was signed by Zeng. The first agreement is entitled "Mutual Arbitration Agreement" between Zeng, EGS and Insperity PEO Services, L.P., which Zeng digitally signed on September 15, 2022. (Ex. B).

The other agreement, which is not signed by anyone, is a three page "Arbitration Program" on EGS' letterhead. (Ex. C). EGS has not provided any proof that Zeng received this agreement or signed it. EGS attached a "Policy Acknowledgement Status Report," which states that Zeng "acknowledged" three documents, but none of the three referenced documents are the "Arbitration Program." Specifically, the three documents that Zeng "acknowledged" are: "Basic Employment Policy Acknowledgement," "Ellenoff Grossman & Schole LLP Employee Handbook" and "State Notices." Accordingly, the only document that could be construed as a binding arbitration

---

[1] Defendants improperly rely upon 9 U.S.C. §4. That statute permits a motion to compel arbitration where a federal court, "save for such agreement, would have jurisdiction under title 28." In this case, Defendants' only basis for federal jurisdiction is the arbitration agreement, so that 9 U.S.C. §4 cannot apply.

agreement is the Insperity agreement signed on September 15, 2022 (Ex. C).

## ARGUMENT

## POINT I

## THE COURT LACKS SUBJECT MATTER JURISDICTION OVER THIS CASE

This Court cannot decide Defendants' motion to compel arbitration because it lacks subject matter jurisdiction. Accordingly, any motion to compel should be determined in State court in New York County, where this case was initially brought.

Defendants' only assertion for subject matter jurisdiction is 9 U.S.C. §205, which provides for federal jurisdiction where "the subject matter of the action or proceeding pending in state court relates to an agreement or award calling under the Convention [on the Recognition and Enforcement of Foreign Arbitral Awards]."

As set forth in her motion to remand, the arbitration agreement in this case does not fall under the Convention. The Second Circuit has recognized that the Convention covers "arbitral agreements in contracts *involving international commerce* so as to facilitate international business transactions." Smith/Enron Cogeneration Ltd. Partnership v. Smith Cogeneration Intl., Inc., 198 F.3d 88, 92 (2d Cir. 1999) (emphasis added); see also Yusuf Ahmed Alghanim & Sons, W.L.L. v. Toys "R" Us, Inc., 126 F.3d 15, 19 (2d Cir. 1997) (recognizing that arbitration agreements and awards fall within the Convention when they are "made within the legal framework of another country, e.g., pronounced in accordance with foreign law or involving parties domiciled or having their principal place of business outside the enforcing jurisdiction.") (citing 9 U.S.C. §202).

Only arbitration awards and agreements that are "not entirely domestic in scope" are covered by the Convention. See Cargill Intl. S.A. v. M/T Pavel Dybenko, 991 F.2d 1012, 1018 (2d Cir. 1993); Smith/Enron Cogeneration, 198 F.3d at 94 (noting "the exclusion from the Convention

of arbitral agreements and awards that are entirely domestic in scope.").

The facts of this case demonstrate that this single-plaintiff employment discrimination case is entirely domestic in scope. The entirety of the facts occurred within New York City where Zeng was hired to work and where she lived. Zeng's claims are brought solely under the New York City Human Rights Law. This case does not involve any law, persons or properties that are located outside of New York City. In fact, one of the two arbitration agreements that Defendants cite provides that New York Law applies and that any potential arbitration would take place in New York City. (Ex. C). Accordingly, there is nothing substantiating Defendants' claim in their civil cover sheet that this is "an international arbitration case." (Dkt. 8).

The basis for Defendants' position that the Convention applies is that Zeng herself is from China and is authorized to work in the United States. Plaintiff's national origin and "immigration or citizenship status" – both of which are protected categories under the New York City Human Rights Laws – should not be the basis to render this case "international."

Plaintiff has been unable to locate many cases that address the unique issue of whether the Plaintiff's nationality alone can be the basis for applying the Convention. Particularly in the Second Circuit, the overwhelming majority of cases on this topic include foreign corporations, foreign property, or individuals who worked abroad. See, e.g., Scandinavian Reinsurance Co. v. St. Paul Fire & Marine Ins. Co., 668 F.3d 60, 71 (2d Cir. 2012) (applying the Convention "because Scandinavia is a foreign corporation."); Pike v. Freeman, 266 F.3d 78, 85 n.4 (2d Cir. 2001) (applying the Convention where three parties were Cayman Island corporations); Longyan Junkai Info. Tech. Co. v. Amazon.com Servs. LLC, 2023 U.S. Dist. LEXIS 220903, at *2 (S.D.N.Y. Dec. 12, 2023) (finding that "a Chinese corporation with its principal place of business in China" who sought to overturn an arbitrator's decision that it was selling counterfeit goods fell within the

Convention); Shenzhen Zongheng Domain Network Co., Ltd. v. Amazon.com Servs. LLC, 2023 U.S. Dist. LEXIS 137307, at *9-10 (S.D.N.Y. Aug. 4, 2023) (finding that the dispute is not "entirely domestic" because "Petitioner is a Chinese company with its principal place of business in China."); Jiakeshu Tech. Ltd. v. Amazon.com Servs., LLC, 2023 U.S. Dist. LEXIS 107548, at *8 (S.D.N.Y. June 21, 2023) (applying the convention where the plaintiff was a Hong Kong corporation whose principal place of business was in China); Citibank, N.A. v. De Nevares, 2022 U.S. Dist. LEXIS 26136, at *3, 5 (S.D.N.Y. Feb. 13, 2022) (addressing an arbitration agreement of an employee who worked in Argentina and asserted a claim under Argentine law); Hyegate, LLC v. Boghossian, 2021 U.S. Dist. LEXIS 126421, at *3 (S.D.N.Y. July 6, 2021) (finding jurisdiction under §202 in a case involving the operation of a perlite mine in Armenia).

The few cases that have addressed this issue have found that a plaintiff's nationality alone cannot cause an arbitration agreement to fall under the Convention. In Ayala v. Teledyne Defense Electronics, 533 F. Supp. 3d 920, 926-927 (C.D. Cal. 2021), the plaintiff asserted a discrimination case in state court and the defendant removed it to federal court citing the Convention. The court granted the plaintiff's motion to remand, rejecting the argument that "the mere presence of a foreign party is enough for an agreement to fall under the Convention" and noting that "the text of the statute does not offer such a suggestion." The court found that applying the language of Article I(1) of the Convention "is relatively straightforward as the arbitration process is sought in California and the parties seek enforcement of the award in California. Both legally and in common usage this Agreement is not an instance of foreign arbitration." Id. at 927. The Ayala court also noted that finding that an arbitration agreement falls under the Convention "simply due to Plaintiff's status as a foreign national would likely create troubling results" and rejected such an argument on public policy grounds. Id. at 928; see also Pineda v. Sun Valley Packing, L.P., 2021

7

U.S. Dist. LEXIS 232437, at *8 (E.D. Cal. Dec. 3, 2021) (remanding an action where the only basis for asserting that the Convention applied to the arbitration agreement was the fact the plaintiff was a Mexican citizen).

In this case, as in Ayala, the only "international" aspect of this case is Zeng's nationality and immigration/citizenship status. These protected categories alone are insufficient to render this case an "intentional" matter within the meaning of the Convention, when the reality is that this is a New York case among New York residents under New York City law. Defendants, however, do not cite Ayala, nor do they address the legal arguments contained therein.

Defendants cannot meet their burden of showing that subject matter jurisdiction exists. Accordingly, Defendants' motion to compel arbitration should be heard in State court.

## POINT II

### THE EFFA RENDERS ANY ARBITRATION AGREEMENT UNENFORCEABLE AGAINST ZENG'S CAUSES OF ACTION

Assuming that the Court does have jurisdiction over this case, Defendants' motion to compel arbitration of Zeng's sexual harassment and retaliation claims must be denied under the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 ("the EFFA"), codified as 9 U.S.C. §402.

Defendants do not dispute that the EFAA precludes their motion to compel arbitration of Zeng's claim for sexual harassment. (Defendants' Brief pg. 2 n.1). Defendants only seek to arbitrate Zeng's retaliation claim.

As set forth in Zeng's motion to remand, Judge Paul A. Engelmeyer of the Southern District addressed this exact issue in Johnson v. Everyrealm, Inc., 2023 U.S. Dist. LEXIS 31242 (S.D.N.Y. 2023). The court, after receiving multiple amicus briefs, noted that the language of the EFFA provides that "no predispute arbitration agreement or predispute joint-action waiver shall be valid

or enforceable with respect to a case which is filed under Federal, Tribal, or State law and relates to the sexual assault dispute or the sexual harassment dispute." <u>Id</u>. at *25. The court held that Congress' decision to use the word "case," as opposed to something more specific like "claim," demonstrated an intent to include tangential claims within the prohibition against mandatory arbitration, stating:

> With the ordinary meaning of 'case' in mind, the text of § 402(a) makes clear that its invalidation of an arbitration agreement extends to the entirety of the case relating to the sexual harassment dispute, not merely the discrete claims in that case that themselves either allege such harassment or relate to a sexual harassment dispute (for example, a claim of unlawful retaliation for a report of sexual harassment). <u>Id</u>. at *43.

<u>See also</u> <u>Delo v. Paul Taylor Dance Found., Inc.</u>, 2023 U.S. Dist. LEXIS 133712, at *14 (S.D.N.Y. Aug. 1, 2023) (denying a motion to compel arbitration under the EFFA and using "Judge Engelmayer's well-reasoned analysis of the EFAA as a guiding framework").[2]

Accordingly, pursuant to <u>Johnson</u>, the entirety of this action, which involves only Zeng's causes of action for sexual harassment, retaliation and aiding and abetting, cannot, therefore, be severed.

Defendants, however, completely ignore <u>Johnson</u> and its analysis of the statutory language of the EFFA. Defendants were clearly aware of <u>Johnson</u>, since Zeng cited it in her motion to remand. Defendants' omission of that authority demonstrates that their motion has no merit.

The only authority that Defendants cite is <u>KPMG LLP v. Cocchi</u>, 565 U.S. 18, 22 (2011), a case decided a decade before the EFFA recognizing that arbitration can be compelled against one claim among many "even where the result would be the possibly inefficient maintenance of

---

[2] On the same day that Judge Engelmayer decided <u>Johnson</u>, he issued an opinion in the companion case of <u>Yost v. Everyrealm, Inc.</u>, 2023 U.S. Dist. LEXIS 31246, at *50 (S.D.N.Y. Feb. 24, 2023), holding that arbitration can be compelled where the plaintiff's sexual harassment claims are dismissed "as implausible." Here, Defendants have not asserted any arguments against the merits of Zeng's sexual harassment claims, so that <u>Yost</u> does not apply here.

separate proceedings in different forums." That case does not address the unique facts of the EFFA and does not support ignoring <u>Johnson</u>.

Defendants do not present any basis or argument for diverging from Johnson. Their motion to compel arbitration should be denied.

**POINT III**

**THE UNSIGNED ARBITRATION PROGRAM ON**
**EGS' LETTERHEAD IS UNENFORCEABLE**

Even if there was subject matter jurisdiction *and* any arbitration agreement was enforceable under the EFFA, the "Arbitration Program" attached as Exhibit C would still be unenforceable because it potentially requires Zeng to be responsible for all of the costs of the arbitration, including Defendants' attorney's fees. Specifically, the agreement provides:

> [A]t the conclusion of the arbitration, the arbitrator may award reasonable costs and fees to the prevailing party. "Costs and fees" mean all reasonable pre-award expenses of the arbitration, including, but not limited to, the arbitrators' fees, administrative fees, travel expenses, witness fees, transcript costs, and attorney's fees." (Ex. C, pg. 2 of 3).

The potential for Zeng to be responsible not only for the arbitrator's fees but also for EGS' attorney's fees would prohibit her, or any reasonable individual, from pursuing their rights in arbitration. Such an amount would easily be far out of the reach of Zeng and most employment discrimination plaintiffs. <u>See</u> <u>Matter of Schreiber v. K-Sea Transp. Corp.</u>, 9 N.Y.3d 331, 341 (2007) (holding that the plaintiff "should not be compelled to bear costs which would effectively preclude him from pursuing his claim."); <u>see, e.g.</u> <u>Vidal v. Advanced Care Staffing, LLC</u>, 2023 U.S. Dist. LEXIS 59411, at *55 (E.D.N.Y. Apr. 4, 2023) (noting that a "loser pays" provision is "likely unconscionable on its own terms").

**CONCLUSION**

For the foregoing reasons, Zeng respectfully requests that the Court (1) deny Defendants' motion to compel arbitration and (2) remand this matter to State Court or, alternatively, permit this matter to continue in its entirety before this Court, and for such further relief as this Court deems just and proper.

**SCHWARTZ PERRY & HELLER, LLP**
*Attorneys for Plaintiff*

By:_____
BRIAN HELLER
3 Park Avenue, Suite 2700
New York, NY 10016
(212) 889-6565
bheller@sphlegal.com