UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MING ZENG,                                                                                  1:23-cv-10348-JGLC

                      *Plaintiff*,

                                                                                                  **ORAL ARGUMENT**
   -against-                                                                    **REQUESTED**

ELLENOFF GROSSMAN & SCHOLE LLP and
DOUGLAS S. ELLENOFF,

                      *Defendants.*
-------------------------------------------------------------------X

# PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HER MOTION TO REMAND

**SCHWARTZ PERRY & HELLER, LLP**
*Attorneys for Plaintiff*
**3 Park Avenue, Suite 2700
New York, NY 10016
(212) 889-6565**

**TABLE OF CONTENTS**

| **SUBJECT** | **PAGE** |
|---|---|
| TABLE OF AUTHORITIES | ii |
| PRELIMINARY STATEMENT | 1 |
| POINT I  DEFENDANTS CITE NO AUTHORITY SUPPORTING THEIR ARGUMENT THAT THIS IS AN INTERNATIONAL ARBITRATION CASE | 2 |
| POINT II  DEFENDANTS CANNOT REMOVE THIS CASE PURSUANT TO DIVERSTY JURISDICTION | 3 |
| POINT III  THE ARBITRATION AGREEMENT IS UNENFORCEABLE | 4 |
| CONCLUSION | 7 |

## TABLE OF AUTHORITIES

| CASE | PAGE |
|---|---|
| Ayala v. Teledyne Defense Electronics,<br>533 F. Supp. 3d 920 (C.D. Cal. 2021) | 2 |
| Beiser v. Weyler,<br>284 F.3d 665 (5th Cir. 2002) | 5 |
| Cathay Capital Holdings II, LP v. Ting Zheng,<br>2021 U.S. Dist. LEXIS 146640 (D. Conn. Aug. 5, 2021) | 6 |
| Gibbons v. Bristol-Myers Squibb Co.,<br>919 F.3d 699, 704-05 (2d Cir. 2019) | 3 |
| Goel v. Ramachandran,<br>823 F. Supp. 2d 206 (S.D.N.Y. 2011) | 6 |
| Johnson v. Everyrealm, Inc.,<br>2023 U.S. Dist. LEXIS 31242 (S.D.N.Y. 2023) | 4-5 |
| Leite v. Crane Co.,<br>749 F.3d 1117 (9th Cir. 2014) | 6 |
| Lewis v. Hatem,<br>2019 U.S. Dist. LEXIS 220555 (S.D.N.Y. Dec. 23, 2019) | 4 |
| Longyan Junkai Info. Tech. Co. v. Amazon.com Servs. LLC,<br>2023 U.S. Dist. LEXIS 220903 (S.D.N.Y. Dec. 12, 2023) | 2 |
| Pineda v. Sun Valley Packing, L.P.,<br>2021 U.S. Dist. LEXIS 232437 (E.D. Cal. Dec. 3, 2021) | 3 |
| Samsun Logix Corp. v. Bank of China,<br>740 F. Supp. 2d 484 (S.D.N.Y. 2010) | 6, 7 |
| Wilmington Savings Fund Society, FSB v. Savvidis,<br>2021 U.S. Dist. LEXIS 5029 (D. Conn. Jan. 11, 2021) | 3-4 |
| WJ Holding Ltd. v. Shireen Mar. Ltd.,<br>2020 U.S. Dist. LEXIS 223312 (E.D.N.Y. Nov. 25, 2020) | 6 |

| **STATUTES** | **PAGE** |
|---|---|
| 9 U.S.C. §203 | 1 |
| 9 U.S.C. §205 | 1 |
| 9 U.S.C. §402 | 1, 4 |
| 28 U.S.C. §1441(b)(2) | 3, 4 |
| 28 U.S.C. §1447(c) | 1 |

**PRELIMINARY STATEMENT**

Defendants Ellenoff Grossman & Schole LLP ("EGS") and Douglas S. Ellenoff ("Ellenoff"), in their opposition to Plaintiff Ming Zeng's ("Zeng") motion to remand, do not dispute that their only claimed basis for federal jurisdiction is Zeng's citizenship. As set forth in both her initial moving papers and herein, that one fact alone is insufficient to invoke federal jurisdiction under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("the Convention") pursuant to 9 U.S.C. §203 and §205.

Defendants essentially argue that since (1) Zeng is a foreign national and (2) there is an arbitration agreement, this matter is, therefore, an "international arbitration" case. Defendants provide no authority for such a drastic, illogical leap. Both the language and application of the Convention demonstrates that it was intended to apply to matters arising or involving international matters. There is nothing "international" about this single-plaintiff case brought under the New York City Human Rights Law, based solely on events that took place within New York City.

Even if the Convention applied, there is no enforceable arbitration agreement that could be used to invoke federal jurisdiction. As set forth in her initial moving papers, the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021, 9 U.S.C. §402 ("the EFFA"), nullifies any arbitration agreement for the sexual harassment and retaliation claims in this case. Defendants may not use an unenforceable arbitration agreement to invoke federal jurisdiction.

Accordingly, Zeng respectfully requests that this case be remanded to state court pursuant to 28 U.S.C. §1447(c).

# POINT I

## DEFENDANTS CITE NO AUTHORITY SUPPORTING THEIR ARGUMENT THAT THIS IS AN INTERNATIONAL ARBITRATION CASE

Defendants fail to cite any authority demonstrating that Zeng's citizenship alone renders this case international. Defendants rely heavily on Longyan Junkai Info. Tech. Co. v. Amazon.com Servs. LLC, 2023 U.S. Dist. LEXIS 220903, at *2 (S.D.N.Y. Dec. 12, 2023), but that case highlights the falsity of their argument. In Longyan, the plaintiff was "a Chinese corporation with its principal place of business in China" who sought to overturn an arbitrator's decision that Amazon had the right to terminate its contract with the plaintiff for selling counterfeit goods.

The court in Longyan did not address or cite cases dealing with the fact pattern in *this case*, where the dispute arose and is among parties located solely in New York. Defendants should not be permitted to skew one line in Longyan to make the leap that foreign nationals who work in New York, like Zeng, render every action "international" just because of their citizenship status.

Defendants do not address the substantive arguments of courts that have addressed the facts in this case. For example, Defendants ignore the substantive arguments made by the court in Ayala v. Teledyne Defense Electronics, 533 F. Supp. 3d 920 (C.D. Cal. 2021). In Ayala, the court held that a state case involving state law does not become "international" based solely on the plaintiff's status as a foreign national, and noting that "the text of the statute [9 U.S.C. §202] does not offer such a suggestion." Id. at 926-927.

Instead of addressing these arguments, Defendants insult the judiciary of the State of California and dismiss Ayala as "simply another manifestation of California's courts' decades-long crusade to thwart arbitration of employment claims in barely concealed defiance of the FAA and the United States Supreme Court." (Defendants' Brief pg. 7). Defendants similarly dismiss the

2

court's decision in Pineda v. Sun Valley Packing, L.P., 2021 U.S. Dist. LEXIS 232437, at *8 (E.D. Cal. Dec. 3, 2021), holding that the plaintiff's citizenship alone was insufficient to confer federal jurisdiction under the Convention, as an example of "California's idiosyncratic views." (Defendants' Brief pg. 8).

Defendants' hostility towards decisions that it dislikes is not a sufficient basis to simply overlook the substantive arguments contained in Ayala and Pineda. The facts of this case align more closely with Ayala and Pineda than with any of the commercial decisions cited by Defendants involving foreign companies conducting business overseas. Ayala and Pineda should be considered and followed for the reasons stated therein.

## POINT II

### DEFENDANTS CANNOT REMOVE THIS CASE PURSUANT TO DIVERSTY JURISDICTION

Defendants allege this Court has diversity jurisdiction because Zeng is citizen of China. (Defendants' Brief pg. 4, n.3). However, Defendants are not able to remove this action based on diversity because they are citizens of New York, as they acknowledge in their opposition (Defendants' Brief pg. 4). The removal statute, 28 U.S.C. §1441(b)(2), specifically provides that an action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Cited by Gibbons v. Bristol-Myers Squibb Co., 919 F.3d 699, 704-05 (2d Cir. 2019) ("The statute plainly provides that an action may not be removed to federal court on the basis of diversity of citizenship once a home-state defendant has been '*properly* joined and *served*.'") (emphasis in original). Accordingly, Defendants cannot rely on diversity as an alternative basis for federal jurisdiction.

This case is like Wilmington Savings Fund Society, FSB v. Savvidis, 2021 U.S. Dist. LEXIS 5029, at *3 (D. Conn. Jan. 11, 2021), where the court remanded the case for lack of federal

3

question jurisdiction. The court held that "even if the requirements for diversity jurisdiction have been met, remand is still appropriate under the 'forum defendant rule'" of 28 U.S.C. §1441(b)(2), since the defendant was a citizen of the state where the case was brought. Id.

In this case, as in Wilmington Savings Fund, Defendants cannot assert diversity jurisdiction under the forum defendant rule and this case should be remanded. Defendants should not be permitted to bootstrap federal jurisdiction by distorting this case as an "international arbitration" matter, then falling back on a diversity statute they did not and were not permitted to utilize.

Even if Defendants had sought removal based on diversity jurisdiction, which they did not, they have not met their burden to show that complete diversity exists. While Zeng is from China, she seeks to remain in New York indefinitely, as confirmed by, among other things, the fact that she lived in New York City for two years prior to the commencement of this lawsuit; she passed the New York Bar and has been sworn in as an attorney in New York, while she has not sought to be sworn in as a lawyer in China; she has a New York State driver's license; and she has applied for permanent United State residency. See Lewis v. Hatem, 2019 U.S. Dist. LEXIS 220555, at *11 (S.D.N.Y. Dec. 23, 2019) (finding no diversity jurisdiction where the plaintiff "and multiple defendants reside in New York and there is no indication that any have plans to leave New York.").

## POINT III

## THE ARBITRATION AGREEMENT IS UNENFORCEABLE

As set forth in her initial motion, the arbitration agreement does not give rise to federal jurisdiction because it is unenforceable under the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 ("the EFFA"), codified as 9 U.S.C. §402. See also Johnson v. Everyrealm, Inc., 2023 U.S. Dist. LEXIS 31242, at *21, 43 (S.D.N.Y. 2023) holding that the EFFA precludes forced arbitration on "the entire case" involving sexual harassment, including "a claim

4

of unlawful retaliation for a report of sexual harassment.") Since there is no enforceable arbitration agreement in this case, the provisions of the FAA upon which removal was predicated are irrelevant.

Remarkably, Defendants simply ignore this point and do not even acknowledge the existence of Johnson and its analysis of the EFFA. Defendants dismiss these arguments as "attempts to divert the Court's attention away from the issue of federal subject matter jurisdiction" (Defendants' Brief pg. 8). The fact is, it is Defendants who are distracting from the actual issue in this case, namely that the EFFA's nullification of the arbitration agreement removes the sole basis for subject matter jurisdiction. Defendants' refusal to counter this argument is a tacit omission that there is no counter. There is simply no basis for federal jurisdiction over this case.

Defendants essentially ask the Court to ignore the fact that the arbitration agreement is a nullity, arguing the question of enforceability is separate from the question of jurisdiction. Defendants cite Beiser v. Weyler, 284 F.3d 665, 671-672 (5th Cir. 2002), where the party seeking remand did not dispute that the arbitration agreement at issue fell within the Convention, but argued that he should not be bound by that agreement personally, since he only signed it on behalf of a corporate entity. The Fifth Circuit held that the removal petition's reference to that arbitration agreement as a defense was sufficient to confer federal jurisdiction, even without "a merits-like inquiry." Id. at 671-672.

In this case, the Court is not required to engage in a merits-like inquiry to see that removal was improper. In addition to the fact that this is not an "international arbitration" case, the Complaint and the removal petition alone demonstrate that there is no legal basis to rely on an arbitration agreement that is nullified by the EFFA.

5

This case is like Samsun Logix Corp. v. Bank of China, 740 F. Supp. 2d 484, 488 (S.D.N.Y. 2010), where the court, after considering Beiser, found no federal jurisdiction under the Convention because the arbitration agreement at issue was irrelevant to the questions before the court. The court held, "even were the Court to adopt the broad theory of Beiser, no arbitration agreement or award 'relates to' Samsun's suit because neither could 'conceivably affect the outcome of Samsun's case.'" Id. (quoting Beiser, 284 F.3d at 669).

In this case, the documentation already before the Court refutes any basis for federal jurisdiction, so that Beiser is inapplicable. See also Cathay Capital Holdings II, LP v. Ting Zheng, 2021 U.S. Dist. LEXIS 146640, at *9 (D. Conn. Aug. 5, 2021) ("The Court cannot accept mere conclusory allegations in a notice of removal that an agreement is covered by the Convention because to do so could result in permitting the 'frivolous petition[s] for removal' excluded by Beiser.") (citing Leite v. Crane Co., 749 F.3d 1117, 1122 (9th Cir. 2014)) ("Like plaintiffs pleading subject-matter jurisdiction under Rule 8(a)(1), a defendant seeking to remove an action may not offer mere legal conclusions; it must allege the underlying facts supporting each of the requirements for removal jurisdiction.")); Goel v. Ramachandran, 823 F. Supp. 2d 206, 216 (S.D.N.Y. 2011) (distinguishing Beiser where the party seeking removal "has not explained how the disposition of this case could be affected by that arbitration."); WJ Holding Ltd. v. Shireen Mar. Ltd., 2020 U.S. Dist. LEXIS 223312, at *20 (E.D.N.Y. Nov. 25, 2020) (distinguishing Beiser and noting, "Again, although the interpretation of removal under Section 205 may be broad, courts in this Circuit have narrowly construed the grant of subject matter jurisdiction under Section 203.").

Defendants' request that the Court accept federal jurisdiction based on an unenforceable arbitration agreement has no merit. As noted in Samsun, "The incantation of the word 'arbitration' somewhere in the record of a case does not convey federal jurisdiction." 740 F. Supp. 2d at 489.

## CONCLUSION

For the foregoing reasons and the reasons set forth in her initial motion papers, Zeng respectfully requests that the Court remand this matter to state court, and for such further relief as this Court deems just and proper.

**SCHWARTZ PERRY & HELLER, LLP**
*Attorneys for Plaintiff*

By: _____
BRIAN HELLER
3 Park Avenue, Suite 2700
New York, NY 10016
(212) 889-6565
bheller@sphlegal.com
