UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MING ZENG,

                            Plaintiff,

        -against-

ELLENOFF GROSSMAN & SCHOLE LLP, et al.,

                            Defendants.

23-CV-10348 (JGLC)

**MEMORANDUM OPINION AND ORDER**

JESSICA G. L. CLARKE, United States District Judge:

      Plaintiff Ming Zeng alleges that she was sexually harassed by a coworker while employed by Defendants Ellenoff Grossman & Schole LLP and Douglas S. Ellenoff and that she was fired for reporting that harassment. Whether her allegations are true or false is not the current question before the Court. Instead, the Court must determine whether this case was properly removed under the Federal Arbitration Act ("FAA"), whether the arbitration agreements are nonetheless void, and whether the case should be remanded to state court.

      On April 10, 2024, Magistrate Judge Parker recommended that the motion to compel arbitration be denied and the motion to remand be granted. ECF No. 37 ("R&R"). Both Plaintiff and Defendants timely filed objections to the R&R, ECF No. 39 ("Def. Obj."); ECF No. 40 ("Pl. Obj."), and responses to the objections, ECF No. 41; ECF No. 42. For the reasons stated herein, the R&R is ADOPTED in part and MODIFIED in part. The FAA covers arbitration agreements where one party is not a citizen of the United States and so removal thereunder was proper. However, the arbitration agreements at issue are void under the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act ("EFAA"), so the Court DENIES Defendants' motion to compel arbitration. Because Defendants have not met their burden of proof that the Court has subject matter jurisdiction, the Court GRANTS Plaintiff's motion to remand.

**LEGAL STANDARD**

A district court reviewing a magistrate judge's report and recommendation may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Within fourteen days after the magistrate judge has issued their report and recommendation, "any party may serve and file written objections to such proposed findings and recommendations." *Id.*; *see also* Fed. R. Civ. P. 72(b)(2). A district court reviews *de novo* the portions of the report and recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); *see also Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008). For portions of the report and recommendation to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Fischer v. Forrest*, 286 F. Supp. 3d 590, 600 (S.D.N.Y. 2018), *aff'd*, 968 F.3d 216 (2d Cir. 2020) (internal citation omitted). "To the extent that the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the court will review the report and recommendation strictly for clear error." *Giallanzo v. City of New York*, 630 F. Supp. 3d 439, 450 (S.D.N.Y. 2022). Finally, "new arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all." *Piligian v. Icahn Sch. of Med. at Mount Sinai*, 490 F. Supp. 3d 707, 716 (S.D.N.Y 2020) (internal citation omitted).

**DISCUSSION**

The Court adopts the recitation of facts set forth in the R&R and assumes the parties' familiarity therewith. First, the Court finds that the FAA applies to the instant matter, because one party to the arbitration agreements is not a citizen of the United States. Next, the Court finds that the arbitration agreements are null and void as to Plaintiff's retaliation claim, which relates

to the sexual harassment dispute. Finally, the Court remands the case because Defendants have not demonstrated that the Court possesses subject matter jurisdiction.

I.   **The Convention on the Recognition and Enforcement of Foreign Arbitral Awards Applies**

Chapter 2 of the FAA, 9 U.S.C. § 201 *et seq.*, implements the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"). Section 202 provides:

> An arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract, or agreement described in section 2 of this title, falls under the Convention. An agreement or award arising out of such a relationship which is entirely between citizens of the United States shall be deemed not to fall under the Convention unless that relationship involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states. For the purpose of this section a corporation is a citizen of the United States if it is incorporated or has its principal place of business in the United States.

9 U.S.C. § 202. Pursuant to Section 203, the district courts of the United States have original jurisdiction over an action or proceeding falling under the Convention. 9 U.S.C. § 203. Section 205 contains a removal provision, stating that "[w]here the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention" the defendant may "remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending" at any time before trial. 9 U.S.C. § 205. Section 206 grants a court having jurisdiction the power to compel arbitration. 9 U.S.C. § 206.

The Second Circuit has established a four-prong test to determine whether the Convention applies: "(1) there must be a written agreement; (2) it must provide for arbitration in the territory of a signatory of the convention; (3) the subject matter must be commercial; and (4) it cannot be entirely domestic in scope." *Smith/Enron Cogeneration Ltd. P'ship, Inc. v. Smith*

3

*Cogeneration Int'l, Inc.*, 198 F.3d 88, 92 (2d Cir. 1999) (internal citations omitted). As noted in the R&R, whether the Convention applies hinges on whether the "written agreement" was "entirely domestic in scope." *See id.*

Plaintiff objects to the R&R's conclusion that the Convention applies to this matter, asserting that the matter is entirely domestic. Pl. Obj. at 1. Plaintiff's objections, however, are simply a repetition (sometimes verbatim) of its arguments in its initial motion. Regardless, the Court agrees with Judge Parker's analysis that the Convention applies to an agreement where one party to the agreement – an individual – is not a citizen of the United States.

The Second Circuit has recognized that arbitration agreements rising out of a commercial, legal relationship between any parties fall under the Convention "*unless* both parties are citizens of the United States *and* 'that relationship involves neither property located abroad, nor envisages performance or enforcement abroad, nor has some other reasonable relation with one or more foreign states.'" *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 850 F.3d 58, 71 (2d Cir. 2017) (quoting 9 U.S.C. § 202) (emphasis in original). By stressing the exclusionary language of the FAA, the Second Circuit indicates that the FAA covers arbitration agreements where one party is not a citizen of the United States. The Court does not see a reason to read in an exception that does not appear to exist.

Although the FAA defines citizenship for corporations, it does not set forth how citizenship is to be determined for individuals. The Court finds persuasive the R&R's reasoning that it should look to how citizenship is defined under 28 U.S.C. § 1332(a), an analogous statute. Accordingly, Plaintiff is not a citizen of the United States for purposes of the Convention. Thus, the arbitration agreements are not entirely between citizens of the United States and fall under the Convention.

4

Plaintiff also objects to the R&R's analysis of the two California district court cases that Plaintiff cited and that held that the Convention did not apply. Pl. Obj. at 3–4; *see also Padilla Ayala v. Teledyne Def. Elecs.*, 533 F. Supp. 3d 920 (C.D. Cal. 2021); *Pineda v. Sun Valley Packing, L.P.*, No. 21-CV-1265 (DAD), 2021 WL 5755586 (E.D. Cal. Dec. 3, 2021). Plaintiff argues that the R&R did not present a basis to distinguish those cases. However, Plaintiff's disagreement with the R&R's interpretation of the California cases is insufficient to reject the R&R and regardless, the Court is not required to distinguish nonbinding, out-of-circuit cases.

And lastly, Plaintiff contends that "[t]he facts of this case are entirely domestic." Pl. Obj. at 4. However, Plaintiff misstates what the Court is required to consider in determining whether the Convention applies. It is not whether the facts are entirely domestic, but whether the agreement is. *See Smith/Enron Cogeneration*, 198 F.3d at 92–95 (specifically rejecting a "center of gravity" test – that looks, at least in part, to the subject matter of the arbitration – to determine whether arbitration falls under the Convention). Accordingly, the Court agrees that the arbitration agreements are subject to the Convention and removable under the FAA.

**II.     Plaintiff's Claims Are Not Arbitrable Under the EFAA**

Even though this action is removable under the FAA, Judge Parker correctly concluded that Plaintiff cannot be compelled into arbitration. The EFAA states:

> Notwithstanding any other provision of this title, at the election of the person alleging conduct constituting a sexual harassment dispute or sexual assault dispute, or the named representative of a class or in a collective action alleging such conduct, no predispute arbitration agreement or predispute joint-action waiver shall be valid or enforceable with respect to a case which is filed under Federal, Tribal, or State law and relates to the sexual assault dispute or the sexual harassment dispute.

9 U.S.C. § 402. Courts in this district have held that "the text of § 402(a) makes clear that its invalidation of an arbitration agreement extends to the entirety of the case relating to the sexual harassment dispute, not merely the discrete claims in that case that themselves either allege such

5

harassment or relate to a sexual harassment dispute (*for example, a claim of unlawful retaliation for a report of sexual harassment*)." *Johnson v. Everyrealm, Inc.*, 657 F. Supp. 3d 535, 559 (S.D.N.Y. 2023) (emphasis added).

Defendants object to the R&R's conclusion that the arbitration agreements are null and void as to Plaintiff's retaliation claim, which Defendants argue is an overly broad application of the EFAA, and contend further that the R&R misread *Mera v. SA Hosp. Grp., LLC*, 675 F. Supp. 3d 442 (S.D.N.Y. 2023). Def. Obj. at 2. *Mera* affirmed that certain claims were too "far afield" so as "to have been improperly joined with a claim within the EFAA so as to enable them to elude a binding arbitration agreement." 675 F. Supp. 3d at 447–48 (quoting *Johnson*, 657 F. Supp. 3d at 562 n.23). First, Defendants are incorrect in claiming that *Mera* abandoned the view in *Johnson*. The court in *Mera* analyzed a circumstance – whether wage and hour claims under the Fair Labor Standards Act and the New York Labor Law related to the sexual harassment dispute – that *Johnson* did "not have occasion . . . to consider." *Id*. at 448 (quoting *Johnson*, 657 F. Supp. 3d at 562 n.23). Second, and more importantly, Defendants have not provided any argument as to how Plaintiff's retaliation claim is not related to her claims regarding sexual harassment. Nor could they. Plaintiff claims that she was retaliated against for complaining about sexual harassment. ECF No. 10-2 ¶¶ 46–55. These claims – unlike wage and hour disputes unrelated to harassment claims – fall under the EFAA. Thus, the Court denies Defendant's motion to compel arbitration, in accordance with the R&R's recommendation.

### III. Defendants Have Not Sufficiently Demonstrated that the Court Has Subject Matter Jurisdiction

Finally, the R&R analyzed Plaintiff's motion to remand the case to state court. In recommending that the motion be granted, the R&R stated that "this case was properly removed by Defendants based on the Convention" and "Defendants here would not be permitted to

remove under the plain language of 28 U.S.C. § 1441(b)(2) because they are citizens of New York for purposes of 28 U.S.C. § 1332." R&R at 13–14. It follows that "Defendants did not and could not remove for purposes of evoking diversity jurisdiction – the limited question they properly removed to this Court to resolve was whether Plaintiff's retaliation claim should be compelled to arbitration pursuant to the Convention." *Id*. The Court agrees with the R&R's conclusion to remand and reaches that conclusion for an additional reason.

The Court agrees with Defendants that in the context of diversity jurisdiction, the R&R conflates removal jurisdiction with subject matter jurisdiction. *See* Def. Obj. at 4; *see also Prop. Clerk v. Smith*, No. 00-CV-2133 (AKH), 2000 WL 1725017, at *1–2 (S.D.N.Y. Nov. 17, 2000). As discussed *supra* Section I, this case was properly removed pursuant to 9 U.S.C. § 205. Although the case was properly removed, however, and as discussed *supra* Section II, the matter cannot be compelled to arbitration because of the EFAA. Therefore, what remains before this Court are Plaintiff's claims against Defendants under the New York City Human Rights Law. The Court adopts the R&R's recommendation that the Court decline to exercise supplemental jurisdiction. The only remaining basis for this Court to retain subject matter jurisdiction over this action, therefore, is through diversity jurisdiction. *See* 28 U.S.C. § 1332(1).

Section 1332 "requires 'complete diversity,' *i.e.* all plaintiffs must be citizens of states diverse from those of all defendants." *Pa. Pub. Sch. Employees' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117–18 (2d Cir.), *as amended* (Nov. 12, 2014) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005)). "[D]iversity is lacking where the only parties are foreign entities, or where on one side there are citizens and aliens and on the opposite side there are only aliens." *Suedrohrbau Saudi Co. v. Bazzi*, No. 21-2307-CV, 2023 WL 1807717, at *2 (2d Cir. Feb. 8, 2023) (quoting *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d

7

579, 581 (2d Cir. 2002)). "The party asserting jurisdiction bears the burden of proof." *Pa. Pub. Sch. Employees' Ret. Sys.*, 772 F.3d at 118 (citing *DiTolla v. Doral Dental IPA of N.Y.*, 469 F.3d 271, 275 (2d Cir. 2006)).

It is undisputed that Plaintiff is not a citizen of the United States. However, the citizenship of Defendants is unclear. For purposes of diversity jurisdiction, a limited partnership has the citizenship of each of its general and limited partners. *See Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000). Although Defendants claim that they are citizens of New York, ECF No. 21 at 4, Defendants have not asserted the specific citizenships of Ellenoff Grossman & Schole LLP or Douglas S. Ellenoff. Ellenoff Grossman & Schole LLP is deemed to have the citizenship of each of its partners. Defendants have not provided the Court with any information regarding the citizenships of its partners; therefore, it is not clear to the Court that Defendants are citizens of New York.[1] Thus, Defendants have not met their burden of proof to demonstrate that this Court has subject matter jurisdiction, for if even one partner of Ellenoff Grossman & Schole LLP is a citizen of a foreign state, diversity is destroyed. Accordingly, Plaintiff's motion to remand is granted.

## CONCLUSION

For the foregoing reasons, the R&R is ADOPTED in part and MODIFIED in part. The Court DENIES Defendants' motion to compel arbitration and GRANTS Plaintiff's motion to

---

[1] Plaintiff states that it is aware of at least two partners of Ellenoff Grossman & Schole LLP who may be citizens of China. The Court cannot conclude based on this passing reference that the partnership of Ellenoff Grossman & Schole LLP includes non-U.S. citizens, but in any event, Defendants fail to demonstrate diversity.

remand to state court. The Clerk of Court is directed to terminate ECF Nos. 13 and 16 and to remand this case to the Supreme Court of the State of New York, New York County.

Dated: September 19, 2024
      New York, New York

                              SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge